## BARNETT, Bank Com'r, et al. v. BOARD OF ED., CITY OF FREDERICK.

No. 26255.   March 2, 1937.

M. B. Cope, for plaintiffs in error.

Tomerlin, Chandler & Shelton, Wilson & Roe, Richard W. Fowler, and John W. Swinford, for defendant in error.

HURST, J. This case was tried on an agreed statement of facts, in substance as follows: The State Bank Commissioner took over the Security State Bank of Frederick as an insolvent corporation, for the purpose of liquidation. At that time the board of education of the city of Frederick had on deposit in said bank the sum of $15,-569.05, and as security for said deposit held assets of said bank of the face value of $14,682.68. The board of education filed with the Bank Commissioner its claim for $15,639.29, which included interest on its average daily deposits up to the time the bank was taken over by the Bank Commissioner. The claim was disallowed. After the claim was filed, the board of education realized $14,868.20 on the assets so held as security for the deposit, leaving a balance due the board of $771.09. This action was filed to establish a claim for the full amount due. Before judgment was rendered, dividends aggregating 25 per cent. were paid on all claims, except the claim of plaintiff, and enough was reserved to pay it. The dividends so reserved were more than

enough to pay in full the balance of said claim.

The trial court entered judgment for the plaintiff establishing its claim for the full amount due, and directing the Bank Commissioner to pay plaintiff the full amount of $771.09. From said judgment this appeal was taken. It is agreed that the sole question for decision is whether a secured creditor of an insolvent bank is entitled to have its claim allowed in the full amount of the bank's indebtedness to it, without deducting therefrom the amount realized from its securities, and receive dividends thereon until the dividends plus the amount realized from the securities equals the full amount of the indebtedness, or whether the creditor should exhaust its securities and file claim and receive dividends on the balance of the debt.

We have no statute dealing with the question involved, nor has this court determined the question. There is a sharp division among the authorities from other jurisdictions. In fact, there are four distinct lines of authority, as follows: (1) The English Chancery rule; (2d) the Bankruptcy rule; (3) the Maryland rule; and (4) the Montana rule.

The English Chancery rule is the one followed by the trial court. This is the rule followed by more of the state courts and by the federal courts, except in bankruptcy matters. The argument used in support of this rule is that, the creditor having contracted that the security taken shall secure the entire debt, it would violate his contract right to hold that it secures only that portion of his debt that equals the value of his security, leaving the residue of his debt unsecured, and depriving him of part of the fruits of his diligence in exacting security. This rule was adopted in an early opinion by the late Chief Justice Taft, then a member of the Circuit Court of Appeals, in Chemical National Bank v. Armstrong (1893) 59 Fed. 372, 28 L. R. A. 231, and was later adopted by the Supreme Court of the United States in Merrill v. National Bank (1899) 173 U. S. 131. These seem to be the leading cases in support of the rule.

The Bankruptcy rule, which is applied under the Bankruptcy Code, is contended for by the Bank Commissioner in his brief. Under this rule the secured creditor must exhaust his securities and is entitled to an unsecured claim for the difference between what he realizes from his securities or the value thereof and the amount of his debt, then dividends are paid on such difference. This rule has been adopted by statute in a number of states. Other state courts have adopted the rule, following the doctrine of marshaling assets.

Under the Maryland rule, the secured creditor must deduct from his original claim any amount he may have realized from his security, and the balance shown to be due at the time any particular dividend is distributed is the basis for computing such dividend.

Under the Montana rule, the statutory rule for distribution to secured creditors of a deceased insolvent, under the Probate Code, is applied to secure creditors of insolvent banks. This calls for payment of dividends on the amount due on the date the claim is filed and approved.

For a full discussion of these four rules, see 3 R. C. L. 682; 7 C. J. 750; Chemical National Bank v. Armstrong, supra; Merrill v. National Bank, supra; L. R. A. 1918B, p. 1024, case note; In re Prescott State Bank's Estate (Ariz. 1931) 3 P. (2d) 788; In re Bank of Oakley (Cal. 1933) 21 P. (2d) 164; State v. State Bank of Alamagordo (N. M. 1934) 32 P. (2d) 1017; Michie on Banks and Banking, vol. 3, page 216, sec. 158.

We are inclined to the view taken by the trial court, and hold that the English Chancery rule is the one to be applied. It is not questioned that the bank had the right to make the contract securing the school funds. Section 5922, O. S. 1931. When the Bank Commissioner took over the assets of the bank in this case, the title thereto vested in the state of Oklahoma, for the use and benefit of the depositors and creditors of the bank. Section 9179, O. S. 1931. The rights of secured creditors were not affected by the insolvency. The Bank Commissioner took the assets subject to such rights. The board of education was in effect a pledgee, and this court has held that a pledgee does not have to surrender any of his securities until the entire debt is paid, which is equivalent to saying that the collateral secures the whole debt. Durant Nat. Bank v. Bennett & Co. (1928) 133 Okla. 80, 271 P. 141. The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, BUSBY, WELCH, PHELPS, and GIBSON, JJ., concur. CORN, J., dissents.